UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IBEW-NECA SOUTHWESTERN HEALTH AND BENEFIT FUND, and its Trustees, NATIONAL ELECTRICAL BENEFIT FUND, and its Trustees, and GREATER TEXAS IBEW-NECA ANNUITY FUND, and its Trustees,<br><br>          Plaintiffs,<br><br>v.<br><br>MORLEY-MOSS, INC.,<br><br>          Defendant. | No. 3:12-cv-1335-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Final Judgment [Docket Entry #8]. For the reasons stated below, the Motion is **DENIED**, and the suit is **DISMISSED with prejudice**.

**I.   Background**

This action arises from alleged violations of a Collective Bargaining Agreement (the "Agreement") that requires Defendant Morley-Moss, Inc. ("Morley-Moss" or "Defendant") to make contributions to Plaintiffs, a benefit fund, an annuity fund, and a pension fund ("Plaintiffs"), on behalf of its employees.

In their Complaint [Docket Entry #1], Plaintiffs alleged that Morley-Moss refused to submit to auditing, in violation of the Agreement. Accordingly, Plaintiffs sought (1) a permanent injunction ordering "Defendant to allow Plaintiffs to audit Defendant's payroll records," as allegedly required by the terms of the Agreement; (2) collection of unpaid contributions to the plan, *in the event the audit should find such contributions to be due*;

(3) pre-judgment and post-judgment interest on all delinquent contributions; (4) liquidated damages contractually triggered by a failure to make timely contributions, *in the event the audit should find such contributions to be due*; (5) reasonable attorney's fees; and (6) reasonable auditor's fees.  Pls.' Compl. 7.

Plaintiffs properly served the Summons and Complaint on William L. Morley, a registered agent of Morley-Moss.  Pls.' Mot. 1.  Defendant did not answer or otherwise respond within twenty-one days, as required by Fed. R. Civ. P. 12(a)(1).  *Id.*  Thus, on August 2, 2012, this Court directed Plaintiffs to move for default judgment pursuant to Rule 55(a).  Plaintiffs requested that the Clerk issue an entry of default [Docket Entry #7], which the Clerk did on August 23, 2012 [Docket Entry #9].  Plaintiffs now move for final default judgment [Docket Entry #8].

In their Motion for Final Judgment, Plaintiffs characterize their suit as having been one aimed at "enforce[ing] an agreement . . . to allow Plaintiffs to audit Defendant's payroll records as required by 29 U.S.C. Sec. 1145."  Pls.' Mot. 1.  Plaintiffs also state that Defendant finally submitted to an audit "after many efforts of the payroll auditor and counsel for Plaintiffs."  *Id.*

Accordingly, Plaintiffs do *not* seek a judgment entering an injunction or ordering payment of any amount owed under the Agreement.  Nor do Plaintiffs state that Defendant already paid any funds owed under the Agreement.  The Court infers from this that Defendant was not, in fact, delinquent on any contributions.  Plaintiffs simply seek a "judgment for attorney's fees and other costs related to same." Pls.' Mot. 2.

Before preparing this Order, the Court issued a Show Cause Order [Docket Entry #10], inviting Plaintiffs to respond to its concerns by November 20, 2012, and to convince the Court that they were entitled to the relief requested in spite of the foregoing arguments.  To date,

Plaintiffs have not responded.

**II.     Discussion**

    a.  <u>Plaintiffs' entitlement to relief not requested</u>

In determining whether default judgment is warranted, courts should consider only that relief requested in both the complaint and the motion for default judgment. *Finkel v. Universal Security Systems, Inc.*, No. 10 CV 4520 (NGG)(LB), 2011 U.S. Dist. LEXIS 128239, at *35 (E.D.N.Y. July 27, 2011) (considering only those claims brought both in the complaint and in the motion for final default judgment).  As noted, Plaintiffs here did not move for an injunction because Morley-Moss had already submitted to an audit.  Nor did Plaintiffs move to collect back contributions, presumably because none were in fact owed.

Even if Plaintiffs had moved for an injunction or delinquent contributions, they likely would not have been entitled to those remedies.  First, construing all of the allegations in favor of Plaintiffs, the Complaint arguably does not contain allegations sufficient to satisfy Fed. R. Civ. P. 65.  Specifically, Plaintiffs do not allege that there is no adequate remedy at law or that irreparable harm would ensue absent an injunction. *See eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (articulating the required showing for a permanent injunction).  Indeed, Plaintiffs originally requested only that Defendant comply with existing obligations under the Agreement and ERISA.  A district court in the Eastern District of New York has held that denying such an injunction "cannot possibly subject [a plaintiff] to irreparable harm." *Finkel*, 2011 U.S. Dist. LEXIS 128239, at *35.

Second, Plaintiffs never actually alleged that Defendant was in fact delinquent on any contributions.  In their Complaint, Plaintiffs merely request delinquent funds "[i]n the event the audit reflects" that such funds are owed.  Pls.' Compl. ¶ 13.  There is no allegation that, if taken as true, would show that Morley-Moss actually owed back contributions.

      b.  <u>The Court's ability to award attorney's fees if there has been no "judgment in favor of the plan"</u>

With that in mind, the question is whether Plaintiffs are entitled to attorney's fees where no other relief has been, or can be, granted. The stated statutory basis for the requested fees is found in ERISA section 502(g)(2), codified in 29 U.S.C. § 1132(g)(2).[1] That section provides: "In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 U.S.C. § 1145], *in which a judgment in favor of the plan is awarded*, the court shall award the plan" costs and fees, among other things.[2] 29 U.S.C. § 1132(g)(2) (emphasis added). The Court concludes that there can be no "judgment in favor of the plan," or consequently, any award of attorney's fees. Although the Court has found no binding authority directly on point, the reasoning of the following cases is instructive.

In *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, as in this case, a plaintiff pension fund sued a defendant employer to compel an audit of defendant's records and collect any delinquent contributions that an audit might reveal. No. 86 C 7815, 1996 WL 633958, at *1 (N.D. Ill. Oct. 2, 1996). The district court ordered the requested audit, and eventually awarded contributions deemed owed and attorney's fees and costs. *Id.* The Seventh Circuit reversed. Plaintiff then paid back the funds, but withheld the attorney's fees. *Id.* On defendant's motion, the district court determined that because the "judgment in favor of the plan" had been reversed, plaintiff was not entitled to attorney's fees under § 1132(g)(2). *Id.*

In another case from the Northern District of Illinois, *Sullivan v. Gavin*, the plaintiff, a trustee for a union pension fund, sued the defendant for "an accounting of [defendant's] books

---

[1] To avoid confusion, the Court will refer to the law simply as "§ 1132(g)(2)."
[2] The preceding subsection, 1132(g)(1), gives courts discretion to award attorney's fees and costs "[i]n any action under this title (*other than an action described in paragraph 2*). 29 U.S.C. § 1132(g)(1) (emphasis added). There is no dispute that this action is one by a fiduciary seeking to enforce section 515, and thus, that it is governed by paragraph two, not paragraph one.

and records," as provided for in their Collective Bargaining Agreement.  No. 94 C 159, 1995 WL 144392, at *1 (N.D. Ill. Mar. 31, 1995).  Plaintiff also sought "entry of judgment for any delinquency revealed by such an audit."  *Id.*  After plaintiff filed suit, defendant submitted to an audit that showed defendant did not owe any additional payments.  *Id.*  As in this case, the *Sullivan* plaintiff sought attorney's fees and costs pursuant to § 1132(g)(2).  The court determined that the only order issued in the case, one compelling discovery, was not a "judgment in favor of the plan," and thus, that § 1132(g)(2) "preclude[d] recovery of attorneys' fees and costs."  *Sullivan*, 1995 WL 144392, at *2.  The reasoning of this case is clear: Absent a court-ordered "judgment" in its favor, a plaintiff cannot recover attorney's fees, even if the plaintiff obtained the relief it sought as a result of filing the suit.

Nevertheless, the Fifth Circuit has recognized that "Congress intended that the enforcement provisions" of ERISA, including § 1132(g)(2), "should have teeth," and that "the provisions should be liberally construed to provide . . . participants and beneficiaries with broad remedies for redressing or preventing violations." *Carpenters Amended & Restated Health Benefit Fund v. John W. Ryan Const. Co., Inc.*, 767 F.2d 1170, 1174 (5th Cir. 1985).

In *Carpenters*, plaintiffs sued defendant for unpaid contributions owed under a Collective Bargaining Agreement, interest on the funds owed, a statutory penalty, attorney's fees and costs, and a declaratory judgment that they were entitled to timely contributions.  *Id.* at 1173.  Before the district court entered judgment, defendant paid plaintiffs the delinquent contributions.  *Id.* Nevertheless, the district court awarded plaintiffs interest on the late payments, a statutory penalty, and attorney's fees, all of which defendant had refused to pay prior to judgment.  *Id.* The Fifth Circuit affirmed, holding that "[t]he circumstance that the defendant complied with *part* of the demand sought by this suit against an admittedly delinquent employer under § 1145

did not moot the plaintiff Plans' remaining demands against the delinquent employer." *Id.* at 1173–74 (emphasis in original). Thus, the panel ruled that the judgment entered by the district court constituted "a judgment in favor of the plan," and was a proper basis for the remedies provided by § 1132(g)(2). *Id.*

There are at least two plausible principles to extrapolate from this case. On the one hand, the only remedies that the district court awarded were those provided by § 1132(g)(2). Thus, one could argue that the Fifth Circuit determined that the payment of the delinquent contribution, which was not court-ordered, served as the "judgment" that triggered an entitlement to all the § 1132(g)(2) remedies. By comparison, one could argue that, like the *Carpenters* plaintiffs, Plaintiffs here compelled Defendant to comply with their demands by bringing suit, and that such a result should entitle them to the § 1132(g)(2) remedies.

On the other hand, Morley-Moss is not "admittedly delinquent," and by submitting to an audit that presumably revealed no delinquency, Morley-Moss complied with the *entirety* of Plaintiffs' demand. Thus, unlike the *Carpenters* district court, one could argue that this Court has no basis upon which to award any judgment at all in favor of the plan. The Court recognizes that this interpretation requires one to make a qualitative distinction between §§ 1132(g)(2)(B),(C) —interest on the unpaid contributions and a statutory penalty—and § 1132(g)(2)(D)—attorney's fees. In other words, under this construction, courts could award interest on tardy contributions (subsection B) and a statutory penalty (subsection C) without a predicate "judgment," but could award attorney's fees and costs (subsection D) only if there was a "judgment" or delinquent payments that had triggered subsections B or C.

Notwithstanding this somewhat strained result, the Court finds the latter interpretation to be the stronger of the two, and distinguishes *Carpenters* on those grounds. In fact, it merits

mentioning that before the district court cases from the Northern District of Illinois, cited above, had been decided, the Seventh Circuit had reached the same conclusion as the Fifth Circuit in *Carpenters*. *Gilles v. Burton Constr. Co.*, 736 F.2d 1142, 1146 n. 6 (7th Cir. 1984) ("After suit is filed, we doubt that employers who are delinquent in their contributions can avoid the mandatory relief provisions of section 1132(g)(2) through the device of offering to pay only the overdue contributions."). *See Iron Workers Dist. Council of W. New York & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir. 1995) (noting that the Seventh Circuit, among other circuits, concluded that "an employer cannot escape its statutory liability for interest, liquidated damages or double interest, attorney fees, and costs simply by paying the delinquent contributions before entry of judgment in a § 1132(g)(2) action brought to recover delinquent contributions."). The *Sullivan* and *GCIU* courts reached their conclusions notwithstanding this precedent.

### III.   Conclusion

Even taking all the well pleaded facts as true, Plaintiffs are not entitled to a "judgment in favor of the plan." Because there can be no such judgment, and because there is no evidence that Morley-Moss actually owed delinquent contributions, § 1132(g)(2) does not authorize the Court to award attorney's fees and costs. Accordingly, Plaintiffs' Motion for Final Judgment is **DENIED**. Moreover, given that Defendant has apparently complied with all the demands set forth in the Complaint, no controversy remains for resolution, and this case is **DISMISSED with prejudice**.

**SO ORDERED**.

December 4, 2012.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS